UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATCH BLACK,

                          Plaintiff,

                                                    9:06-CV-1243
v.                                                  (GTS/GHL)

C. LANSBERG, Corr. Sergeant, Great Meadow C.F.;
R. ATKINSON, Program Comm. Chairman,
Great Meadow C.F.; D. CARPENTER, Deputy
Superintendent for Programs, Great Meadow C.F.; and
GLENN S. GOORD, NYS DOCS Commissioner,

                          Defendants.

_____

APPEARANCES:                                        OF COUNSEL:

NATCH BLACK, 94-A-7733
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902-0500

HON. ANDREW M. CUOMO                                JAMES SEAMAN, ESQ.
  Attorney General for the State of New York        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

HON. GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

Currently before the Court in this *pro se* prisoner civil rights action filed by Natch Black

("Plaintiff") against four employees of the New York State Department of Correctional Services

("Defendants") are (1) Defendants' motion for summary judgment (Dkt. No. 17), (2) Plaintiff's

cross-motion for summary judgment (Dkt. No. 19), (3) United States Magistrate Judge George

H. Lowe's Report-Recommendation recommending that Defendants' motion be granted and that

Plaintiff's cross-motion be denied (Dkt. No. 31), and (4) Plaintiff's Objections thereto (Dkt. No.

33).  For the reasons set forth below, Plaintiff's Objections are rejected; Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety; Defendants' motion for summary judgment is granted; Plaintiff's cross-motion is denied; and Plaintiff's Complaint is dismissed.

## I.    RELEVANT BACKGROUND

In his Report-Recommendation, Magistrate Judge Lowe accurately and thoroughly recited both the allegations of Plaintiff's Complaint and the parties' arguments on Defendants' motion for summary judgment.  (Dkt. No. 31, at 2-6.)  As a result, that recitation is incorporated by reference herein.  In addition, familiarity with the analysis offered in Magistrate Judge Lowe's Report-Recommendation is assumed in this Decision and Order.  (Dkt. No. 17-22.)

After Magistrate Judge Lowe filed his Report-Recommendation on March 30, 2009, Plaintiff was afforded an extension of time to file his Objections, which he did on May 21, 2009. (*See* Text Order dated 4/6/09; Dkt. No. 33.)  Liberally construed, Plaintiff's Objections advance the following three arguments: (1) Magistrate Judge Lowe erred by failing to understand that Plaintiff enjoyed a procedural due process right under the Fourteenth Amendment in having Defendants' follow the Department of Correctional Services' "Policy, Procedure and Standard for Programing Inmates" (attached at Dkt. No. 19, Part 4, Ex. C); (2) Magistrate Judge Lowe also erred by failing to recognize the several pieces of record evidence establishing that Defendants (admittedly) violated the aforementioned policy, and that they did so without affording him the process he was due before placing him in punitive confinement; and (3) Plaintiff did not consent to having his case be heard by Magistrate Judge Lowe.  (*See generally* Dkt. No. 33.)

Defendants filed a response to Plaintiff's Objections on May 26, 2009.  (Dkt. No. 34.)

Generally, in their response, Defendants advanced the following five arguments: (1) Plaintiff has failed to cite case law contradicting Defendants' argument that the law is that Plaintiff did not enjoy a protected liberty interest, under the procedural Due Process Clause of Fourteenth Amendment, in remaining free from the type of confinement he experienced for only fifty-three days; (2) Plaintiff has adduced no admissible record evidence that he accepted any programs other than two academic programs, nor has he adduced record evidence disputing that he refused to accept the mess hall and utility crew programs; (3) the medical excuse issued by Dr. Albert Paolano was issued in 2005, not 2004, and in any event the medical testing of Plaintiff subsequently conducted revealed that he has no detectable medical allergy to fish or eggs; (4) the response to Plaintiff's Grievance No. GM-40863-06 did not agree with his claim that he had been placed on Limited Privileges Status wrongfully; and (5) Plaintiff has adduced no admissible record evidence that he received back pay for the fifty-two days he spent on Limited Privileges Status (rather, he received back pay for something else).  (*See generally id.*)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]

---

[1]     On *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not

When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir.1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.      Standards Governing Motion for Summary Judgment and Motion to Dismiss**

Magistrate Judge Lowe correctly recited the legal standard governing a motion for summary judgment and motion to dismiss.  (Dkt. No. 31, at 6-17.)  As a result, those legal standards are incorporated by reference herein.

---

abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]      *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

## III.    ANALYSIS

As indicated above in Part I of this Decision and Order, Plaintiff's Objections, even when construed with the utmost of liberality, fail to assert any specific challenge to Magistrate Judge Lowe's recommendations regarding (1) the timeliness of Defendants' motion for summary judgment, (2) Plaintiff's substantive due process claim under the Fourteenth Amendment, (3) his conditions-of-confinement claim under the Eighth Amendment, and (4) his retaliation claim under the First Amendment.  (*Compare* Dkt. No. 31 at 17, 19-21 [Report-Recommendation] *with* Dkt. No. 33 [Plf.'s Objections].)  Thus, the Court reviews those portions of the Report-Recommendation for only clear error.  *See*, *supra*, Part II.A. of this Decision and Order.  After carefully reviewing all of the papers in this action (including Plaintiff's Complaint, the referenced portions of the Magistrate Judge Lowe's Report-Recommendation, and the admissible record evidence), the Court concludes that the referenced portions of the Report-Recommendation are well-reasoned and not clearly erroneous.  Indeed, the Court concludes that these portions of the Report-Recommendation would survive even a *de novo* review.  As a result, the Court accepts and adopts these portions of the Report-Recommendation for the reasons stated therein.[3]

With regard to the one portion of Magistrate Judge Lowe's Report-Recommendation to which Plaintiff's Objections do specifically challenge–i.e., Magistrate Judge Lowe's

---

[3]     The Court notes that, even if Plaintiff possessed a medical excuse during the time in question, that fact would not confer on Plaintiff a right of substantive due process under the Fourteenth Amendment.  *See Barnes v. Craft*, 04-CV-1269, 2008 WL 3884369, at *5 & n.39 (N.D.N.Y. Aug. 18, 2008) (Mordue, C.J., adopting Report-Recommendation of Lowe, M.J.) ("Even if I were to so construe Plaintiff's Amended Complaint, I would have difficulty finding that the issuance of a DOCS' beard exemption (without the issuance of a court order) created such a right of substantive due process.") (citations omitted).

recommendation regarding Plaintiff's procedural due process claim under the Fourteenth Amendment–a *de novo* review is appropriate.  *See*, *supra*, Part II.A. of this Decision and Order. After carefully reviewing all of the papers in this action (including Plaintiff's Complaint, the referenced portion of the Magistrate Judge Lowe's Report-Recommendation, the admissible record evidence, Plaintiff's Objections, and Defendants' response), the Court concludes that the referenced portion of the Report-Recommendation is correct in all respects.  Magistrate Judge Lowe employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court also accepts and adopts this portion of the Report-Recommendation for the reasons stated therein.  The Court would add only two points.

First, Plaintiff has no right to not have his case assigned to a magistrate judge for a report-recommendation, under the circumstances.  *See Dixon v. Leonardo*, 886 F. Supp. 987, 988-89 (N.D.N.Y. 1995) (McAvoy, C.J.) (citations omitted).

Second, the crux of Plaintiff's Objections is his belief that he enjoyed a procedural due process right under the Fourteenth Amendment in having Defendants' follow the Department of Correctional Services' "Policy, Procedure and Standard for Programing Inmates."  This belief is mistaken.

This is because Section 1983 provides, in pertinent part, "Every person who . . .subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by *the Constitution and laws*, shall be liable to the party injured . . . ."  42 U.S.C. § 1983 [emphasis added].  The term "the Constitution and laws" refers to United States Constitution and *federal* laws.[4]  A violation

---

        [4]     *Cusamano v. Sobek*, 604 F. Supp.2d 416, 482 & n.137 (N.D.N.Y. 2009) (Suddaby, J., adopting Report-Recommendation of Lowe, M.J., on *de novo* review) (collecting

of a state law or regulation, *in and of itself*, does not give rise to liability under 42 U.S.C. §

1983.[5]  Furthermore, the violation of a DOCS Directive, alone, is not even a violation of New

York State law or regulation;[6] this is because a DOCS Directive is "merely a system the [DOCS]

Commissioner has established to assist him in exercising his discretion," which he retains,

despite any violation of that Directive.[7]

       Of course, it is true that a state may, under certain circumstances, create a liberty interest

protected by the Fourteenth Amendment's Due Process Clause through its enactment of certain

statutory or regulatory measures.  At one point, the Supreme Court held that a state created such

a liberty interest if it repeatedly used explicit language of an unmistakably mandatory character

in connection with requiring specific substantive predicates.  *Hewitt v. Helms*, 459 U.S. 460,

466-472 (1983).  However, that rule created a perverse incentive (1) for inmates to "comb" state

regulations for mandatory language upon which to base claims of entitlements, (2) for courts to

draw negative inferences from mandatory language in state regulations, and to involve

themselves in the day-to-day management of prisons, and (3) for states to not codify prison

management procedures, or to confer on correctional personnel "standardless discretion."

*Sandin v. Connor*, 515 U.S. 472, 477-484 (1995).  As a result, the Supreme Court changed the

rule, shifting the courts' focus from the language of a particular state law or regulation to the

_____

cases).

     [5]     *Cusamano*, 604 F. Supp.2d at 482 & n.138 (collecting cases).

     [6]     *See Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) (citation omitted); *Lopez v. Reynolds*, 998 F. Supp. 252, 259 (W.D.N.Y. 1997).

     [7]     *See Farinaro v. Coughlin*, 642 F. Supp. 276, 280 (S.D.N.Y. 1986).

nature of the deprivation.  *Sandin*, 515 U.S. at 483-484.[8]  Specifically, in 1995, the Supreme

Court held that, while states may still under certain circumstances create a liberty interest

protected by the Fourteenth Amendment's Due Process Clause, the interest "will generally be

limited to freedom from restraint which . . . imposes atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 483-484.[9]

      This is the point of law that Magistrate Judge Lowe was reciting on pages 18 and 19 of

his Report-Recommendation, and that Plaintiff glossed over in his Objections.  Simply stated,

Defendants may or may not have violated the Department of Correctional Services' "Policy,

Procedure and Standard for Programing Inmates."  But that question is immaterial.  Rather, what

matters (for purposes of Plaintiff's procedural due process claim) is that he served only fifty three

days in the Great Meadow Correctional Facility's Special Housing Unit ("SHU") under what

were either normal SHU conditions or less-severe-than-normal SHU conditions.  As a result, he

was "due" no process of which he could have been deprived, under the Fourteenth Amendment.


      **ACCORDINGLY**, it is

      **ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 31) is

**<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

      **ORDERED** that Defendants' motion for summary judgment (Dkt. No. 17) is

_____

      [8]      *See also Cusamano*, 604 F. Supp.2d at 482 & n.139 (collecting cases).

      [9]      The Court notes that the possession of a medical excuse also does not create a
protected liberty interest under the procedural due process clause of the Fourteenth Amendment.
*See Barnes*, 2008 WL 3884369, at *5 & n.35 (finding that "the fact that he possessed a
DOCS-issued beard exemption does not create a protected liberty interest for purposes of a
procedural due process claim.").

**GRANTED;** and it is further

       **ORDERED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 19) is

**DENIED**; and it is further

       **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: September 29, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge